STUTZ ARTIANO SHINOFF & HOLTZ
*A Professional Corporation*
James F. Holtz, Esq. (State Bar No. 95064)
2488 Historic Decatur Road, Suite 200
San Diego, CA 92106-6113
Tel: (619) 232-3122
Fax: (619) 232-3264

Specially Appearing for GENERAL ELECTRIC COMPANY

FILED
08 MAR -7 PM 1:03
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:  CP  DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DILWORTH, an individual, and CHRISTINA DILWORTH, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY, a New York Corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 08 CV 0431 WQH JMA <br><br> NOTICE OF REMOVAL OF ACTION UNDER 28 USC §1441(b) (DIVERSITY) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant GENERAL ELECTRIC COMPANY hereby removes to this court the state court action described below.

1. On January 28, 2008 an action was commenced in the Superior Court of the State of California in and for the County of San Diego, entitled Robert Dilworth and Christina Dilworth vs. General Electric Company, as Case Number 37-2008-00076826-CU-PL-CTL. A copy of the complaint is attached hereto as Exhibit "A".

2. The date upon which defendant GENERAL ELECTRIC COMPANY received a copy of said complaint was February 8, 2008 when defendant was served with a copy of said complaint and a summons from the said state court. A copy of the Service of Process Transmittal and Summons is attached hereto as Exhibit "B".

3. This action is a civil action of which this Court has original jurisdiction under 28

1

NOTICE OF REMOVAL OF ACTION UNDER 28 USC §1441(b) (DIVERSITY)

@PFDesktop\::ODMA/WORLDOX/G:/DATA/1239/14/PL/S7031500.WPD

U.S.C. § 1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs as the complaint alleges as damages stipulated judgment in amount of $1 million. I am informed by Plaintiff's Counsel that the property damage claim alone exceeds $140,000.00.

4.   Defendant is informed and believes plaintiff was, and still is, a citizen of the State of California. Defendant was, at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of New York, having its principal place of business at Fairfield, Connecticut, and is the only defendant that has been named and served in this action.

Dated: March 6, 2008

STUTZ ARTIANO SHINOFF & HOLTZ
A Professional Corporation

By: _____
James F. Holtz
Attorneys for Defendant GENERAL ELECTRIC COMPANY

2

**NOTICE OF REMOVAL OF ACTION UNDER 28 USC §1441(b) (DIVERSITY)**

@PFDesktop\::ODMA/WORLDDOX/G:/DATA/1239/14/PL/S7031500.WPD

1  **STUTZ ARTIANO SHINOFF & HOLTZ**, A.P.C.
   James F. Holtz, State Bar No. 95064
2  2488 Historic Decatur Road, Suite 200
   San Diego, CA 92106-6113
3  Telephone: (619) 232-3122
   Facsimile: (619) 232-3264
4

5  Attorneys Specially Appearing for GENERAL ELECTRIC COMPANY

6        <u>**Robert Dilworth, Christina Dilworth v. General Electric Co., et al.**</u>

7                            **<u>DECLARATION OF SERVICE</u>**

8  I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Diego
9  in the office of a member of the bar of this court at whose direction the service was made. My business address is 2488 Historic Decatur Road, Suite 200, San Diego, CA 92106-6113.
10

11  On March 7, 2008, I served the following document(s):

12      **NOTICE OF REMOVAL OF ACTION UNDER 28 USC §1441(b) (DIVERSITY)**

13  ☒   **BY MAIL** by depositing in the United States Postal Service mail box at San Diego, California 92106, a true copy thereof in a sealed envelope with postage thereon fully prepaid and addressed as follows:
14

15  Richard L. Boyer, Esq.                 **Attorney for Plaintiffs**
   L/O of Richard L. Boyer, APC       P (858) 481-8757
16  4520 Vista de la Patria                   F (858) 350-1006
   Del Mar, CA 92101                       boyerlaw@sbcglobal.net
17

18       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
19

20       Executed on March 7, 2008, at San Diego, California.

21                                          Patricia S. Donnelly

22

23

24

25

26

27

28

                                             3

**EXHIBIT A**

1  Richard L. Boyer (SBN: 131861)
   THE LAW OFFICE OF RICHARD L. BOYER, APC
2  4520 Vista de la Patria, Del Mar CA 92014
   Tel: (858) 481-8757
3  Fax: (858) 350-1006

4  Attorneys for Plaintiffs,
   ROBERT DILWORTH and CHRISTINA DILWORTH

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| ROBERT DILWORTH, an individual, and CHRISTINA DILWORTH, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, a New York Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.   37-2008-00076826-CU-PL-CTL<br><br>COMPLAINT:<br>1) NEGLIGENCE;<br>2) STRICT PRODUCTS LIABILITY;<br>3) BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY;<br><br>Jurisdiction: Unlimited Civil Case<br><br>Judge:<br><br>Dept: |

COMES NOW Plaintiffs, ROBERT DILWORTH, an individual, and CHRISTINA DILWORTH, an individual, and hereby complain and allege against defendants and each of them as follows:

1. Plaintiffs are and at all times relevant were residents of the City of Coronado, County of San Diego, California.

2. This is the proper court for this matter, inasmuch as the events and conduct of the parties relevant to this action took place in the City of Coronado, County of San Diego, California.

3. Defendant GENERAL ELECTRIC COMPANY is and at all times relevant was a New York corporation, duly licensed by and doing business in the State of California (GENERAL ELECTRIC COMPANY may hereinafter be referred to as, "GE");

///

EXHIBIT A

211-1301 Dilworth v. GE

1

4.   Plaintiffs are ignorant of the true names and capacities of defendants sued as Does 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. When the true names and capacities of such defendants are ascertained plaintiffs will amend their complaint accordingly. Plaintiffs are informed and believe and thereon allege that each fictitiously named Doe defendant herein is somehow responsible for the acts, events, occurrences and/or omissions alleged herein under each cause of action, which were the proximate and legal cause of the injuries and damages sustained by plaintiffs herein;

5.   Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, defendants, including the fictitiously named defendants, and each of them were the agents and employees of the other defendants, and in doing the acts herein alleged were acting within the course and scope of such agency and employment.

6.   On or about January 30, 1998, the plaintiffs purchased a built-in dishwasher manufactured, distributed, and sold by GE (hereinafter, "the GE dishwasher") and caused it to be installed in their home.

7.   The plaintiffs used the GE dishwasher in a reasonably foreseeable manner with no warning of any problems until on or about September 4, 2007.

8.   On or about September 4, 2007, at approximately 1:00 a.m., the GE dishwasher caught fire (hereinafter, "the incident").

9.   The plaintiffs were asleep in their second floor bedroom and woke to the smell of smoke in their home. When they opened their bedroom door they discovered the entire ground floor kitchen was ablaze. The plaintiffs were barely able to escape the flames and exit their home before their only means of escape was cut off by the quickly spreading fire.

10.   After reporting the fire by calling 911, the plaintiffs attempted to put out the fire using a garden hose, but were unsuccessful. After arriving, the Coronado Fire Department put out the fire, and was able to save most of the plaintiffs' home, but even those portions that were not destroyed by fire suffered extensive smoke and water damage. The plaintiffs' home was uninhabitable for approximately three months.

11.   The frightening experience of waking in the middle of the night and finding their

213-1101 Dilworth v. GE

EXHIBIT A

2

1  house on fire, barely escaping through the burning house to save their lives, watching their home and
2  its contents burning, and being forced to live in a hotel room for most of three months caused the
3  plaintiffs to suffer severe mental distress, anxiety, inconvenience, frustration, and anger. In addition,
4  the plaintiffs incurred monetary damages due to the cost to repair their home, replace interior
5  cabinetry and furnishings, and replace, repair or clean personal property, including all of their
6  clothing. The plaintiffs' damages have not been fully ascertained, but are expected to exceed
7  $1,000,000.

8      12.   The GE dishwasher has been determined to be defective in either design or
9  manufacture, or both, and is the legal cause of the fire in the plaintiffs' home on or about September
10 4, 2007.

## I.
### FIRST CAUSE OF ACTION
### (Negligence against all defendants)

14     13.   The plaintiffs hereby incorporate paragraphs 1 through 12, herein, as though fully set
15 forth in their entirety;

16     14.   The defendants and each of them designed and manufactured the GE dishwasher.

17     15.   The defendants and each of them placed the GE dishwasher into the stream of
18 commerce, knowing it would not be inspected for defects by consumers who purchased it.

19     16.   The plaintiffs purchased the GE dishwasher new on or about January 30, 1998, from
20 an authorized seller of dishwashers manufactured by the defendants.

21     17.   On or about March 10, 1998, the plaintiffs caused the GE dishwasher to be installed
22 in their home according to the manufacturer's instructions that were supplied with it.

23     18.   The plaintiffs, at all times, operated the GE dishwasher in a reasonably foreseeable
24 manner and according to the manufacturer's instructions for use.

25     19.   At all times relevant the plaintiffs properly maintained the GE dishwasher and it
26 appeared to function normally at all times, without warning of a design or manufacturing defect.

27     20.   The defendants and each of them owed the plaintiffs a duty of care to i) properly
28 design the GE dishwasher to ensure it was fit for its intended purpose and would not cause injury or

211-1301 Dilworth v. GE                        EXHIBIT _A_ - 3

1  property damage when used in a reasonably foreseeable manner; ii) properly manufacture the GE
2  dishwasher to ensure it was fit for its intended purpose and would not cause injury or property
3  damage during reasonably foreseeable use; iii) advise the plaintiffs of any determination that the GE
4  dishwasher was defective in design or manufacture and could cause injury or property damage
5  during normal use.

6  21. The defendants and each of them breached their duty to the plaintiffs by failing to
7  design or manufacture the GE dishwasher such that it was fit for its intended purpose and would not
8  cause injury or property damage to the plaintiffs during normal use, and by failing to advise the
9  plaintiffs of the defendants' determination that the GE dishwasher was defective in design or
10 manufacture and could catch fire, causing injury and property damage.

11 22. The plaintiffs have suffered severe personal injuries and property damage as a direct
12 and proximate result of the defendants' breach of their duty to the plaintiffs in the manner set forth
13 herein.

14 23. The plaintiffs' have suffered severe personal injuries that include but are not limited
15 to severe mental distress, anxiety, inconvenience, frustration, and anger. In addition, the plaintiffs
16 have incurred monetary damages due to the cost to repair their home, replace interior cabinetry and
17 furnishings, and replace, repair or clean personal property, including all of their clothing. The
18 plaintiffs' damages have not been fully ascertained, but are expected to exceed $1,000,000.

## II.

### SECOND CAUSE OF ACTION
(Strict products liability against all defendants.)

24. The plaintiffs hereby incorporate paragraphs 1 through 23, herein, as though fully set forth in their entirety.

25. The defendants and each of them designed, manufactured, distributed, or sold the GE dishwasher.

26. The GE dishwasher was defectively designed or manufactured by the defendants, and was defective when it left the defendants' possession.

28 ///

211-1301 Dilworth v GE

EXHIBIT  A  -  4

27. The plaintiffs purchased the GE dishwasher, caused it to be installed according to the manufacturer's instructions, and used it in a reasonably foreseeable manner, and according to the defendants' instructions for use.

28. At all times relevant herein the GE dishwasher was substantially the same as when it left defendants' possession.

29. The GE dishwasher caught fire as a direct and proximate result of its defective design or manufacture and caused damages to a portion of the plaintiffs' home.

30. The GE dishwasher did not perform as safely as an ordinary consumer would have expected it to.

31. The plaintiffs have suffered severe personal injuries that include, but are not limited to, severe mental distress, anxiety, inconvenience, frustration, and anger. In addition, the plaintiffs have incurred monetary damages due to the cost to repair their home, replace interior cabinetry and furnishings, and replace, repair or clean personal property, including all of their clothing. The plaintiffs' damages have not been fully ascertained, but are expected to exceed $1,000,000.

32. The defect in the design or manufacture of the GE dishwasher was a substantial factor in causing plaintiffs' damages.

## III.
## THIRD CAUSE OF ACTION
(Breach of implied warranty of merchantability against all defendants.)

33. The plaintiffs hereby incorporate paragraphs 1 through 32, herein, as though fully set forth in their entirety.

34. At all relevant times the defendants and each of them were in the business of designing, manufacturing, distributing and selling dishwashers to retail buyers.

35. At all relevant times the defendants advertised, marketed, labeled, and otherwise represented the GE dishwasher to be of a superior quality, fit for its intended purpose, and safe for consumers to use.

35. The plaintiffs purchased the GE dishwasher, caused it to be installed according to the manufacturer's instructions, and used it in a reasonably foreseeable manner, and according to the defendants' instructions for use.

36. The GE dishwasher was not of the same quality as those generally acceptable in the trade, was not fit for the ordinary purposes for which such goods are used, and did not measure up to the promises or facts stated in the marketing material or on the container or label, as demonstrated by the fact that it caught fire and was a substantial factor in causing damages to portions of the plaintiffs' home.

37. The failure of the GE dishwasher to be of acceptable quality was a substantial factor in causing the plaintiffs' damages.

38. The plaintiffs have suffered severe personal injuries that include but are not limited to severe mental distress, anxiety, inconvenience, frustration, and anger. In addition, the plaintiffs have incurred monetary damages due to the cost to repair their home, replace interior cabinetry and furnishings, and replace, repair or clean personal property, including all of their clothing. The plaintiffs' damages have not been fully ascertained, but are expected to exceed $1,000,000.

39. Pursuant to applicable provisions of the Civil Code, the plaintiffs will seek costs, expenses, and reasonable attorneys fees.

## IV.
### Prayer

WHEREFORE, the plaintiffs pray for judgment against the defendants, and each of them, as follows:

As to the First Cause of Action (Negligence against all defendants):

1. For compensatory damages to compensate plaintiffs for all damages proximately caused by defendants' negligence in a total amount to be proven at trial; such damages are anticipated to be not less than $1,000,000.

As to the Second Cause of Action (Strict liability against all defendants):

2. For compensatory damages to compensate plaintiffs for all damages proximately caused by the GE dishwasher in a total amount to be proven at trial; such damages are anticipated to be not less than $1,000,000.

As to the Third Cause of Action (Breach of implied warranty of merchantability against all defendants):

EXHIBIT A- 6

3. For compensatory damages to compensate plaintiffs for all damages proximately caused by the GE dishwasher to be less than an acceptable quality, in a total amount to be proven at trial; such damages are anticipated to be not less than $1,000,000.

4. For costs, expenses, and reasonable attorneys fees, pursuant to Civil Code section 1790, et seq.

As to all Causes of Action:

5. Costs of suit, pre-judgment interest on liquidated damages, and for such other relief as the court deems just and proper.

Dated: January 25, 2008

THE LAW OFFICE OF RICHARD L. BOYER, APC



By: RICHARD L. BOYER
Attorneys for Plaintiffs,

211-1301 Dilworth v. GE

EXHIBIT A- 7