**STUTZ ARTIANO SHINOFF & HOLTZ**
*A Professional Corporation*
James F. Holtz, Esq. (State Bar No. 95064)
Scott J. Ingold, Esq. (State Bar No. 254126)
2488 Historic Decatur Road, Suite 200
San Diego, CA 92106-6113
Tel: (619) 232-3122
Fax: (619) 232-3264

Attorneys for GENERAL ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DILWORTH, an individual, and CHRISTINA DILWORTH, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, a New York Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.   08-CV-0431-WQH-JMA<br>Judge:       Hon. William Q. Hayes<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED UNDER F.R.C.P. 12(b)(6), OR IN THE ALTERNATIVE, TO STRIKE THE EMOTIONAL DISTRESS ALLEGATIONS UNDER F.R.C.P. 12(f)**<br><br>Date: 4/21/08<br>Time: 11:00 a.m.<br>**NO ORAL ARGUMENT UNLESS REQUESTED BY COURT** |

Defendant GENERAL ELECTRIC COMPANY (hereinafter "G.E." or "Defendant") respectfully submits the following Memorandum of Points and Authorities in Support of its Motion to Dismiss the Mental and Emotional Distress Allegations of Plaintiffs' Complaint for failure to state a claim on which relief may be granted under F.R.C.P. 12(b)(6), or, in the alternative, to strike the mental and emotional distress allegations under F.R.C.P. 12(f).

I.

**INTRODUCTION**

In their Complaint, Plaintiffs allege three causes of action against Defendant G.E.: negligence, strict products liability and breach of the implied warranty of merchantability. Their claims arise out of a fire that occurred in their home on September 4, 2007. They allege that

their dishwasher, manufactured by Defendant G.E., caught on fire, which fire then spread to the rest of their house. After they exited the house, they watched as their house and possessions burned before firefighters were able to extinguish the fire, and were subsequently forced to live in a hotel for approximately three months while their house was being repaired. They claim that this experience has caused them "severe mental distress, anxiety, inconvenience, frustration, and anger," and make claims under each claim for their "severe personal injuries."

The Plaintiffs are attempting to recover emotional distress damages related to the loss of their property. However, absent intentional tort or special relationship, no California case has permitted recovery for emotional distress arising solely out of property damage. *Gravillis v. Coldwell Banker Residential Brokerage Company*, 143 Cal.App.4th 761, 777 (2006). Any emotional distress related to the Plaintiffs' having to leave their home, watch their property burn, and spend a number of months in a hotel is related to the destruction or loss of their property, and cannot form the basis for a recovery on the basis of emotional distress. By law, G.E. does not have a duty to prevent the Plaintiffs' emotional distress where its alleged negligence resulted only in economic loss. Therefore, this Court should grant this motion to dismiss for failure to state a claim on which the requested relief can be grated, or in the alternative, strike the emotional distress allegations of the Plaintiffs' Complaint.

## II.

## THIS COURT HAS JURISDICTION TO GRANT THIS MOTION

Federal Rule of Civil Procedure (hereinafter "F.R.C.P.") 12(b)(6) provides: "[A] party may assert the following defenses by motion: . . . (6) failure to state a claim on which relief may be granted." "A complaint may be dismissed when the facts pled and the reasonable inferences therefrom are legally insufficient to support the relief sought." *Nelson v. Temple University*, 920 F.Supp. 633, 634 n.2 (E.D. Pa. 1996). Further, where the allegations in a complaint for negligence demonstrate that there can be no duty by the defendant, the claims are properly dismissed under F.R.C.P. 12(b)(6). *See, U.S. ex rel. Mayman v. Martin Marietta Corp.*, 894 F.Supp. 218, 225 (D.Md. 1995). Here, because G.E., under California law, cannot have a duty to prevent the Plaintiffs' emotional distress resulting from purely economic loss, the claims for

their emotional distress must be dismissed.

Alternatively, F.R.C.P. 12(f) provides: "The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." When damages sought are not recoverable as a matter of law, the improper damages allegations may be stricken from the complaint through a Motion to Strike under F.R.C.P. 12(f). *See, Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479 n.34 (C.D. Cal. 1996).

Motions under either F.R.C.P. 12(b)(6) or F.R.C.P. 12(f) must be made before responding to a pleading. As Defendant G.E. has not yet responded to the Complaint, this motion is procedurally appropriate. Therefore, this Court has jurisdiction to dismiss the claims for emotional distress, or, in the alternative, strike the improper emotional distress allegations of the complaint.

### III.

### DAMAGES FOR EMOTIONAL DISTRESS ARE NOT ALLOWED IN THIS CASE AS A MATTER OF LAW

Emotional distress damages are historically suspect under California law. "To borrow a phrase from Blake, if tort damages were available for anything which could foreseeably cause our fellow human beings emotional distress, then 'who can stand?'" *Lawson v. Management Activies, Inc.*, 69 Cal.App.4th 652, 656 (1999). "Emotional distress is a murky cauldron of actuarial imprecision, inherently limitless. It is also an area of remarkable individual idiosyncracity, with great extremes at either end." *Id.* at 658.

> [T]he key is the loosey-goosey nature of a pure emotional distress claim. One can *always* worry oneself sick, almost as a matter of will. The reality of psychological injury remains – and perhaps, despite CAT scans, PET scans, MRIs and who knows what the future holds, always will remain – a subject of intense philosophical debate. There is always the suspicion that extending the tort duty [to prevent emotional distress] gives plaintiffs an incentive to malinger or worry themselves into a state of depression. . . . Yes, the question of the reality of injury can go to a jury, but that is not the point. Psychological symptoms are much more susceptible to being faked than more palpable effects.

*Id.* at 658-59.

Emotional distress claims must be analyzed in terms of the duty of the defendants. *See*,

STUTZ ARTIANO SHINOFF & HOLTZ
A Professional Corporation

@PFDesktop\::ODMA/WORLDOX/G:/DATA/1239/14/PL/S7032456.WPD

08CV0431

*Butler-Rupp v. Lourdeaux*, 134 Cal.App.4th 1220, 1229 (2005) ("[W]e do not find any breach of duty on the part of the [defendants] that would support liability for infliction of emotional distress under the law of negligence.").

> Instead of lumping emotional distress cases under one heading and then, like Einstein, searching for a grand consistent theory to reconcile the cases, it is more in keeping with the fact that [negligent infliction of emotional distress] is not a separate doctrine to ask: What are the circumstances under which a plaintiff can recover damages for emotional distress as a matter of the *law of negligence?*

*Lawson, supra,* 69 Cal.App.4th at 657 (emphasis in original). Because there is no duty to prevent emotional distress damages when the only injury to another is economic loss, as discussed below, this Court should grant this motion to dismiss.

No California case has permitted recovery of damages for emotional distress arising solely out of property damage. *Gravillis, supra,* 143 Cal.App.4th at 777. In *Gravillis*, the plaintiffs' real estate broker failed to disclose various defects about a residence they had purchased, including information relating to termite infestation, mold and rot problems, and earthquake damage. After the plaintiffs purchased the house, they hired a contractor to do a cosmetic remodel while they were away on vacation. They came back from vacation and found their home stripped down to the frame, as the contractor had found the undisclosed damage to the home. Mrs. Gravillis, who was pregnant at the time, was advised to wear a special mask and clothing while near the house to protect her and her unborn baby's health. They alleged severe emotional distress, worry, depression, anxiety, and fear, and Mrs. Gravillis developed gestational diabetes as a result of the experience.

Despite the fact that a fiduciary relationship existed between the plaintiffs and defendants, the court held that the defendants' alleged negligence and breach of their fiduciary duties probably could not form the basis for the plaintiffs to recover damages related to their emotional distress. *Id.* at 776. This was because the defendant's wrongful conduct resulted only in a loss of property. The physical symptoms were not directly caused by the defendants' negligent conduct, but were a result of the stress related to the loss of their property. *Id.* at 781.

Although *Gravillis* dealt with a motion to compel arbitration, the court there cited to the California Supreme Court's decision in *Erlich v. Menezes*, 21 Cal.4th 543 (1999). There, the

court refused to allow the recovery of emotional distress damages arising from the defendants' negligent construction of the plaintiffs' home. The court explained:

> Even assuming [the defendants'] negligence constituted a sufficient independent duty to the [plaintiffs], such a finding would not entitle them to emotional distress damages on these facts. "The fact that emotional distress damages may be awarded in some circumstances . . . does not mean they are available in every case in which there is an independent cause of action founded upon negligence." [Citation.] "No California case has allowed recovery for emotional distress arising solely out of property damage" [Citation]; moreover, a preexisting contractual relationship, without more, will not support a recovery for mental suffering where the defendant's tortious conduct has resulted only in economic injury to the plaintiff.

*Id.* at 554-55 (citations omitted). Thus, the California Supreme Court has clearly stated the rule in California: negligently causing economic harm to another, including damaging or destroying his property, cannot, by itself, support a claim for emotional distress.

Similarly, in *Cooper v. Superior Court*, 153 Cal.App.3d 1008 (1984), the court specifically held that the defendants' negligence which only caused damage to the plaintiff's property, could not form the basis for a claim for emotional distress damages. *Id.* at 1010. There, the defendants negligently allowed a tractor to roll into the plaintiff's home. Although no one was home at the time, the tractor rolled into the room where the plaintiff's children normally played. The plaintiff feared for her and her children's safety, so she moved into a hotel for four months. *Id.* She sought psychological therapy and developed headaches and intestinal disorders from her emotional distress. *Id.* Regardless, the court explained:

> No California case has allowed recovery for emotional distress arising solely out of property damage, absent a threshold showing of some preexisting relationship or intentional tort. This case involves no preexisting relationship between the parties. Thus, we do not feel it appropriate to extend recovery for emotional distress here.
>
> . . .
>
> While courts have expanded the scope of the tort of negligent infliction of emotional distress, reasonable limitations on the extent and remoteness of a defendant's liability must be maintained. Although emotional distress arising out of loss of property evokes a sentimental loss, recovery is limited to cases where, at a minimum, a duty of care exists by virtue of a preexisting relationship between the parties or where the damage arises out of an intentional tort.

*Id.* at 1012-13. Thus, there is clearly no duty to prevent emotional distress damages where only economic loss has occurred from the allegedly negligent conduct.

In the instant case, Plaintiffs allege that they are entitled to recover damages in excess of $1 million attributable in part to their emotional distress suffered as a result of leaving their home in the night, watching their property burn, and living in a hotel for approximately three months. These facts are very similar to those in *Cooper*, where the plaintiff's home was damaged and she had to leave her house to stay in a hotel for a number of months. Vital to this discussion is the fact that Plaintiffs have failed to allege any physical injury whatsoever, just as the plaintiff in *Cooper*, although fearful for her and her family's safety, did not experience any physical injury that directly resulted from the defendants' negligence. The Plaintiffs were not burned or otherwise harmed by the fire. Even in those cases where a physical symptom of the emotional stress results, that is not sufficient where the negligent act results only in an economic loss. *Gravillis, supra*, 143 Cal.App.4th at 781. As discussed above, none of the facts alleged by Plaintiffs can form the basis for a recovery of their emotional distress damages because California does not permit the recovery of emotional distress damages as a result of purely economic loss. Therefore, this Court should find that emotional distress damages are not recoverable in this case.

## IV.

## **THIS COURT SHOULD GRANT THIS MOTION TO DISMISS**

Each of the Plaintiffs' three claims allege emotional distress damages of approximately $1 million related to their property loss. There is no claim for intentional tort, nor is there an allegation of any type of special relationship that could give rise to a claim for emotional distress damages as a result of property loss. Therefore, these claims must fail. "The purpose of [F.R.C.P. 12(b)(6)] is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (C.A.Fed. 1993). Here, the claims for emotional distress are fatally flawed in their legal premises and destined to fail, as they are grounded solely in the loss of property. Defendant G.E. has no legal duty to prevent these alleged injuries, and therefore this Court should grant this motion to dismiss.

## V.

## THIS COURT SHOULD STRIKE THE EMOTIONAL DISTRESS ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Separate from the basis for dismissing the emotional distress claims under F.R.C.P. 12(b)(6) discussed above, this Court also has grounds to strike the emotional distress allegations of the Plaintiffs' Complaint. F.R.C.P. 12(f) permits this Court to strike from the Plaintiffs' Complaint "any redundant, immaterial, impertinent, or scandalous matter." This Court should grant a motion to strike if it is "clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D.Cal. 1992). Moreover, a matter is deemed "immaterial," as used in F.R.C.P. 12(f) if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993); *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

Here, because the Plaintiffs cannot seek damages for emotional distress related to the destruction of their property, the allegations in their Complaint detailing their emotional distress have no possible bearing on the subject matter of the litigation. Further, these allegations have no essential or important relationship to the claim for relief, and therefore they are irrelevant and immaterial. Because the emotional distress allegations of the Plaintiffs' Complaint are irrelevant and immaterial, this Court should grant this motion and strike the emotional distress allegations from the Complaint.

## V.

## CONCLUSION

Plaintiffs have sought emotional distress damages related to the fire that caused damage to their home, and resulting stresses. However, as discussed above, even if the Defendant G.E. was negligent, the Plaintiffs could not recover any sum of damages for their emotional distress because California does not permit the recovery of damages for emotional distress that arise from the destruction of one's property. Therefore, the claims for emotional distress must be dismissed, as they form the gravamen of the Plaintiffs' $1 million claim for damages under each

1  claim stated in the complaint. Alternatively, the emotional distress allegations must be stricken
2  from the Complaint, as they are irrelevant and immaterial.

4  Dated: March 10, 2008          STUTZ ARTIANO SHINOFF & HOLTZ
                                   A Professional Corporation

                                   /s/ *James F. Holtz*
6                              By:_____
                                   James F. Holtz
7                                  Attorneys for Defendant GENERAL ELECTRIC
                                   COMPANY

**STUTZ ARTIANO SHINOFF & HOLTZ**, A.P.C.
James F. Holtz, State Bar No. 95064
2488 Historic Decatur Road, Suite 200
San Diego, CA 92106-6113
Telephone: (619) 232-3122
Facsimile: (619) 232-3264

Attorneys for GENERAL ELECTRIC COMPANY

<u>Robert Dilworth, Christina Dilworth v. General Electric Co., et al.</u>

## DECLARATION OF SERVICE

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Diego in the office of a member of the bar of this court at whose direction the service was made. My business address is 2488 Historic Decatur Road, Suite 200, San Diego, CA 92106-6113.

On March 10, 2008, I served the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED UNDER F.R.C.P. 12(b)(6), OR IN THE ALTERNATIVE, TO STRIKE THE EMOTIONAL DISTRESS ALLEGATIONS UNDER F.R.C.P. 12(f)**

☒ **BY MAIL** by depositing in the United States Postal Service mail box at San Diego, California 92106, a true copy thereof in a sealed envelope with postage thereon fully prepaid and addressed as follows:

☒ **BY ELECTRONIC SERVICE** On the date executed below, I served the document(s) via CM/ECF described above on designated recipients through electronic transmission of said documents, a certified receipt is issued to filing party acknowledging receipt by CM/ECF's system. Once CM/ECF has served all designated recipients, proof of electronic service is returned to the filing party.

Richard L. Boyer, Esq.            **Attorney for Plaintiffs**
L/O of Richard L. Boyer, APC      P (858) 481-8757
4520 Vista de la Patria           F (858) 350-1006
Del Mar, CA 92101                 boyerlaw@sbcglobal.net

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 10, 2008, at San Diego, California.

Patricia S. Donnelly