Richard L. Boyer (SBN: 131861)
THE LAW OFFICE OF RICHARD L. BOYER, APC
4520 Vista de la Patria, Del Mar  CA  92014
Tel: (858) 481-8757
Fax: (858) 350-1006
boyerlaw@sbcglobal.net

**Attorneys for Plaintiffs,**
**ROBERT DILWORTH and CHRISTINA DILWORTH**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DILWORTH, an individual, and CHRISTINA DILWORTH, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, a New York Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.   08-CV-0431WQH-JMA<br>Judge:   Hon. William Q. Hayes<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS UNDER F.R.C.P. 12(b)(6), OR IN THE ALTERNATIVE, TO STRIKE ALLEGATIONS UNDER F.R.C.P. 12(f).**<br><br>Date: 4/21/08<br>Time: 11:00 a.m.<br><br>**ORAL ARGUMENT NOT REQUIRED** |

COMES NOW Plaintiffs, ROBERT DILWORTH, an individual, and CHRISTINA DILWORTH, an individual, and hereby oppose Defendant's Motion to Dismiss for Failure to State a Claim on Which Relief Can Be Granted Under F.R.C.P. 12(b)(6), or in the alternative, To Strike the Mental and Emotional Distress Allegations Under F.R.C.P. 12(f), on the following grounds:

    1.    A demand for an improper remedy is not grounds for an F.R.C.P. 12(b)(6) motion;

    2.    The plaintiffs intend to prove they are entitled to damages for mental anguish and inconvenience.

/ / /

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### A DEMAND FOR AN IMPROPER REMEDY IS NOT GROUNDS FOR AN F.R.C.P. 12(b)(6) MOTION

"The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE; FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2008), §9:210, *citing:* <u>Gilligan v. Jamco. Develop. Corp.</u> (9th Cir. 1997) 108 F3d 246, 249 (emphasis added; internal quotes omitted).

Plaintiffs do not concede they are not entitled to general damages as a result of defendants' wrongful conduct; however, a demand in the complaint for an improper remedy is not grounds for an F.R.C.P.12(b)(6) motion (hereinafter, "12(b)(6) motion"). <u>Massey v. Banning Unified School District</u>, 256 Fed. Supp. 2nd. 1090, 1092 (2003). A 12(b)(6) dismissal is proper only where there is lack of a cognizable legal theory. *Id.* Furthermore, a rule 12(b)(6) motion will not be granted merely because the plaintiff requests a remedy to which he or she is not entitled. *Id.* It need not appear that the plaintiff can obtain the specific remedy requested, as long as the court can ascertain from the face of the complaint that some relief can be granted under the facts alleged. *Id.* The test is whether the facts, as alleged, support any valid claim entitling plaintiff to relief…not necessarily the one intended by plaintiff. Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE; FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2008), §9:227, *citing:* <u>Haddock v. Board of Dental Examiners of Calif.</u> (9th Cir. 1985) 777 F2d 462, 464 (quoting text).

In the complaint herein, the plaintiffs set forth causes of action for negligence, strict products liability, and breach of warranty as a result of their General Electric catching fire during normal use and causing significant property damage, among other damages alleged. As such, the court can "ascertain from the face of the complaint that some relief can be granted." *256 Fed. Supp. 2nd. 1090, 1092, supra.* The court should deny the defendant's motion, as it is brought on improper grounds.

/ / /

/ / /

/ / /

## II.

### THE COURT SHOULD NOT STRIKE THE ALLEGATIONS OF "MENTAL SUFFERING" AS SUCH DAMAGES ARE INCLUDED IN THE DEFINITION OF NON-ECONOMIC DAMAGES

California Civil Code (hereinafter, "CC") §3281, states as follows:

> PERSON SUFFERING DETRIMENT MAY RECOVER DAMAGES. Every person who suffers detriment from the unlawful act of omission of another, may recover from the person in fault a compensation therefor in money, which is called damages.

CC §1431(b)(2) defines non-economic damages as follows:

> For purposes of this section, the term "non-economic damages" means subjective, non-monetary losses including, but not limited to, pain, suffering, inconvenience, mental suffering, emotional distress, loss of society and companionship, loss of consortium, injury to reputation and humiliation.

The Complaint herein alleges the plaintiffs have suffered anxiety, inconvenience, frustration, and anger. *(See, e.g., Complaint, Paragraph 11, page 2:28-3:3),* in addition to monetary damages for property damage and loss of use. Such terms could just as readily been stated as "mental suffering," "emotional distress," or simply, "suffering." Such terms are expressly included in the CC §1431(b)(2) definition of non-economic damages, as set forth above.

California courts have addressed the ability of plaintiffs to recover monetary damages for inconvenience and mental anguish in the absence of a physical injury. The California Supreme Court has this to say in a case which addressed whether a baby could recover pain and suffering damages:

> "Turning first to the issue involving the instruction, we note that this court has ruled: "If a cause of action is otherwise established, it is settled that damages may be given for mental suffering naturally ensuing from the acts complained of." (State Rubbish etc. Assn. v. Siliznoff (1952) 38 Cal.2d 330, 338.) In general, courts have not attempted to draw distinctions between the elements of "pain" on the one hand, and "suffering" on the other; (footnote omitted) rather, the unitary concept of "pain and suffering" has served as a convenient label under which a plaintiff may recover not only for physical pain but for fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation, indignity, embarrassment, apprehension, terror or ordeal. (Crisci v. Security Ins. Co. (1967) 66 Cal.2d 425, 433; (internal cite omitted) admittedly these terms refer to subjective states, representing a detriment

which can be translated into monetary loss only with great difficulty. (Seffert v. Los Angeles Transit Lines (1961) 56 Cal.2d 498, 511-512 (dissenting opinion of Traynor, J.); McCormick on Damages (1935) pp. 318-319.) But the detriment, nevertheless, is a genuine one that requires compensation (Civ. Code, § 3333; State Rubbish etc. Assn. v. Siliznoff, supra, 38 Cal.2d 330), and the issue generally must be resolved by the "impartial conscience and judgment of jurors who may be expected to act reasonably, intelligently and in harmony with the evidence." (Beagle v. Vasold (1966) 65 Cal.2d 166, 181; cf. Seffert v. Los Angeles Transit Lines, supra, 56 Cal.2d 498, 507.)

"The absence of medical testimony cannot of itself serve to foreclose recovery for pain and suffering; expert testimony is not a prerequisite to the framing of a question for the jury on this issue. Although plaintiff's own testimony commonly establishes his damages for pain and suffering, attorneys frequently invoke the testimony of other parties as well. We have long upheld the admissibility of such testimony,

including that of lay witnesses relating observations of the sufferer's involuntary declarations and expressions of pain. (Green v. Pacific Lumber Co. (1900) 130 Cal. 435, 440-441; Lange v. Schoettler (1896) 115 Cal. 388, 393; Willoughby v. Zylstra (1935) 5 Cal.App.2d 297, 300; Muzzy v. Supreme Lodge of the Fraternal Brotherhood (1933) 129 Cal.App. 1, 9; Williams v. A. R. G. Bus Co. (1920) 47 Cal.App. 568, 570; Duran v. Yellow Aster Mining and Milling Co. (1919) 40 Cal.App. 633, 637.) As we said as long ago as 1900: "The objection ... on the ground that the witness was not an expert amounts to nothing. No principle of expert evidence is involved in the question. Nor do we consider the evidence objectionable as hearsay. Involuntary declarations and exclamations of a person's present pain and suffering are admissible as tending in some degree to show his physical condition." (Green v. Pacific Lumber Co., supra, 130 Cal. 435, 440-441.)

"Thus, although expert testimony may undoubtedly be helpful, it is not necessary to establish a basis for an award for pain; lay testimony suffices. (Mendoza v. Rudolf (1956) 140 Cal.App.2d 633, 636-637; Employers' etc. Corp. v. Ind. Acc. Com. (1941) 42 Cal.App.2d 669, 671-672; cf. Annot. Admissibility, in Civil Case, of Expert Evidence as to the Existence or Nonexistence, or Severity, of Pain (1967) 11 A.L.R.3d 1249, 1252.) [2] Even if the infant may not be able to testify as to his own pain, his burden should not be made heavier by foreclosure of non-expert testimony. We reaffirm our earlier holdings that lay testimony may be admitted and may provide for infants as well as adults the basis for a finding of pain and suffering.

[3] "Moreover, even in the absence of any explicit evidence showing pain, the jury may infer such pain, if the injury is such that the jury in its common experience knows it is normally accompanied by pain.

> (Mendoza v. Rudolf (1956) 140 Cal.App.2d 633, 637.) Indeed, for certain injuries the inference of pain may be so compelling that the trial judge would be justified in ordering a new trial if the jury declines to draw it. "[T]he items of pain, suffering and inconvenience ... are inevitable concomitants with grave injuries... A jury may not eliminate pain from wounds when all human experience proves the existence of pain ..." (Todd v. Bercini (1952) 371 Pa. 605, 607-608.)"

*Capelouto v. Kaiser Foundation Hospital (1972) 7 Cal . 3rd 889, 892-896 (parallel citations omitted).*

Similarly, the plaintiffs herein allege they suffered mental anguish, frustration, anger, inconvenience, and mental distress; all emotions that are quite foreseeable under the circumstances of this case, where the plaintiffs' awoke in the middle of the night with their kitchen on fire. *See Complaint, paragraphs 9 – 11.* Then, while their home was being repaired, they were required to live in a one-room hotel room for over three months. A jury could well find that such anger, mental distress, etc. flows naturally from such events.

The Fourth District Court of Appeal conceded that emotional distress damages are not always precluded in the absence of physical injury, although it declined to award them in a case of negligent misrepresentations during the hiring of a bank employee.

> "Recovery of emotional distress damages has been allowed, absent impact or physical injury, in certain specialized classes of cases. Where the negligence is of a type which will cause highly unusual as well as predictable emotional distress, recovery has been allowed. (Allen v. Jones (1980) 104 Cal.App.3d 207, 215 [mishandling of the cremated remains of plaintiff's brother]; Molien v. Kaiser Foundation Hospitals (1980) 27 Cal.3d 916, 930 [negligent advice to patient that she suffered from syphilis, resulting in severe distress to her husband].) Recovery has also been allowed when the negligence arises in a situation involving breach of fiduciary or quasi-fiduciary duties, as in bad faith refusal to pay insurance proceeds. (Crisci v. Security Ins. Co. (1967) 66 Cal.2d 425; Gruenberg v. Aetna Ins. Co. (1973) 9 Cal.3d 566; Jarchow v. Transamerica Title Ins. Co. (1975) 48 Cal.App.3d 917.) Of course we also have the Dillon v. Legg (1968) 68 Cal.2d 728 potential of recovery of damages for mental distress through the witnessing of an injury to a close relative (clarified and limited in Thing v. La Chusa (1989) 48 Cal.3d 644)."

*Branch v. Homefed Bank (1992) 6 Cal.App.4th 793, 800 (parallel citations omitted.)*

1   In a more recent case, the Second District Court of Appeal considered emotional distress damages from the standpoint of the defendant's duty to the plaintiff. *Friedman v. Merck & Co. (2003) Cal.App.4th,* Slip Opn. No. B155272. In Freidman, the plaintiff sued a drug manufacturer for negligently representing a tuberculosis test he took was "Vegan safe." Id. The court stated, "…but a court's task – in determining "duty" – is not to decide whether a particular plaintiff's injury was reasonably foreseeable in light of a particular defendant's conduct, but rather to evaluate more generally whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed on the negligent party." *Id., at page 7.*

It is axiomatic that plaintiffs need not allege or prove negligent conduct to prove strict products liability; rather, if the plaintiff proves the defendant manufactured the product, that it was defective in design or manufacture when it left the defendant's possession, that the product was used in a reasonably foreseeable manner, and that the defect was a substantial factor in causing the plaintiff's damages, liability is established. *See, e.g. California Civil Jury Instructions, 1201; 6 Witkin, Summary of California Law (9th ed. 1988) Torts, §§ 1241-1249.* Notably, in such cases, duty is imposed. *Id.* As such, it should not be inferred that in every case, the defendant has no duty to protect the plaintiff from emotional distress damages in the absence of physical harm. In fact, it is tautological to argue that the defendant's duty to protect the plaintiff from emotional distress damages only arises *after* the defendant has caused physical harm to the plaintiff. The Friedman court addressed this issue when it held that foreseeability of harm is an important consideration in determining whether a duty is owed as a matter of law. *Friedman v. Merck & Co. (2003) Cal.App. 4$^{th,}$ page 8.* On the facts before it, the Friedman court determined that it wasn't reasonably foreseeable that the defendant drug manufacturer would cause harm in light of the plaintiff's "rare, idiosyncratic, hypersensitive, and unusual reaction to the subject drug. *Id. at page 9.*

No such unusual or hypersensitive results are alleged in the case at bar. The defendant manufactured a defective dishwasher, which caught on fire during normal use. Under the analysis in Friedman v. Merck & Co., supra, foreseeability can be found. As such, the court could as well conclude the defendant had a duty to the plaintiffs to avoid causing emotional distress damages.

Stated differently, it is entirely foreseeable that if a dishwasher sold as intended for residential use spontaneously catches fire, the homeowner/consumer will likely suffer emotional distress.

### III.
### CONCLUSION

For the reasons set forth herein, the court is respectfully requested to deny the defendant's Motion to Dismiss for Failure to State a Claim on Which Relief Can be Granted, or in the Alternative, to Strike the Emotional Distress Allegations. If the court grants the defendant's Motion, Plaintiffs request leave to amend the complaint.

Dated: April 2, 2008                THE LAW OFFICE OF RICHARD L. BOYER, APC


By: /s/Richard L. Boyer
RICHARD L. BOYER
Attorneys for Plaintiffs,
**ROBERT DILWORTH and CHRISTINA DILWORTH**