**STUTZ ARTIANO SHINOFF & HOLTZ**
*A Professional Corporation*
James F. Holtz, Esq. (State Bar No. 95064)
Scott J. Ingold, Esq. (State Bar No. 254126)
2488 Historic Decatur Road, Suite 200
San Diego, CA 92106-6113
Tel: (619) 232-3122
Fax: (619) 232-3264

Attorneys for GENERAL ELECTRIC COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DILWORTH, an individual, and CHRISTINA DILWORTH, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL ELECTRIC COMPANY, a New York Corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.   08-CV-0431-WQH-JMA <br> Judge:   Hon. William Q. Hayes <br><br> **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED UNDER F.R.C.P. 12(b)(6), OR IN THE ALTERNATIVE, TO STRIKE THE EMOTIONAL DISTRESS ALLEGATIONS UNDER F.R.C.P. 12(f)** <br><br> Date: 4/21/08 <br> Time: 11:00 a.m. <br> **NO ORAL ARGUMENT UNLESS REQUESTED BY COURT** |

Defendant GENERAL ELECTRIC COMPANY (hereinafter "G.E." or "Defendant") submits the following Reply in Support of its Motion to Dismiss the Mental and Emotional Distress Allegations of Plaintiffs' Complaint for failure to state a claim on which relief may be granted under F.R.C.P. 12(b)(6), or, in the alternative, to strike the mental and emotional distress allegations under F.R.C.P. 12(f).

## I.

## PLAINTIFFS CANNOT SEEK DAMAGES FOR THEIR EMOTIONAL DISTRESS

"No California case has allowed recovery for emotional distress arising solely out of property damage, absent a threshold showing of some preexisting relationship or intentional tort." *Cooper v. Superior Court*, 153 Cal.App.3d 1008, 1012 (1984). This principle is now a

1

matter of settled law, being directly quoted by at least six other published California cases.[1] It is not an overstatement to say that emotional distress damages simply may not be awarded in California where the plaintiff alleges mere economic loss, and nothing more, no matter how personal or traumatic the loss may be. *See, e.g., id.* (refusing to permit emotional distress damages for economic loss, despite the fact that the defendant's tractor had rolled into the room where the plaintiff's children normally play, causing the plaintiff mental distress, as well as physical symptoms, including headaches and intestinal disorders).

In their Complaint, Plaintiffs have not pled that Defendant intentionally caused damages to their property. Nor have they alleged any type of special relationship. To the contrary, Plaintiff and Defendant are only linked through the dishwasher purportedly made by Defendant which Plaintiffs allege caused damage to their home. This is certainly insufficient to give rise to any type of special relationship. *See, Krupnick v. Hartford Accident & Indemnity Co.*, 28 Cal.App.4th 185 (1994). Nor have Plaintiffs alleged that they were bystanders to the serious injury of a close family member. *See, Thing v. La Chusa*, 48 Cal.3d 644 (1989). Because there is no physical injury, intentional tort, or special relationship, and the Plaintiffs were not bystanders to the injury of a close family member, California law does not permit them to seek damages for their emotional distress.

## II.

## DEFENDANT DID NOT HAVE A DUTY TO PREVENT PLAINTIFF'S EMOTIONAL DISTRESS

In their opposition papers, Plaintiffs rely on a foreseeability-based duty argument, claiming that their emotional distress in watching their home burn and living in a hotel for a number of months was a foreseeable result of the Defendant's purported negligence. However, the Plaintiffs' discussion is based on a very general conception of duty, one in which foreseeability determines duty, without the limits imposed by *Thing v. La Chusa* and related

---

[1] *Sher v. Leiderman*, 181 Cal.App.3d 867, 884 (1986); *Smith v. Superior Court*, 10 Cal.App.4th 1033, 1040 n.1 (1992); *Regan Roofing Co. v. Superior Court*, 21 Cal.App.4th 1685, 1721 (1994); *Gonzales v. Personal Storage, Inc.*, 56 Cal.App.4th 464, 474 n.3 (1997); *Erlich v. Menezes*, 21 Cal.4th 543, 554 (1999); *Gravillis v. Coldwell Banker Residential Brokerage Co.*, 143 Cal.App.4th 761, 777 (2006).

cases. This general test for establishing duty must be disregarded in light of the specific guidance on the particular issue in this case. As described above, California courts have thoroughly dealt with the specific issue contemplated in this motion: whether there is a duty to prevent emotional distress where the Defendant's alleged acts result only in economic loss. Uniformly, they have denied that such a duty exists. California law is very clear: There is no duty to prevent emotional distress when a plaintiff has only suffered economic loss.

The Plaintiffs' complaint contains a cause of action for the breaches of the implied warranty of merchantability. Here, the law of warranties in California lends support to the contention that the Plaintiffs cannot recover emotional distress damages for their economic loss, both directly and by way of analogy. In *Mack v. Hugh W. Comstock Associates, Inc.*, 225 Cal.App.2d 583 (1964), the defendant warranted that a radiant heating system installed in the plaintiffs' home would be free from defects for five years. Within that five-year period, the radiant heating system developed leaks, which the defendant unsuccessfully attempted to repair. In a breach of warranty lawsuit, the trial court property granted the defendant's demurrer with respect to the mental and emotional distress allegations of the complaint. It reasoned:

> Although damages for mental suffering may be recovered for conduct in the nature of a trespass or nuisance [citation] or for breach of warranty *where accompanied by personal injuries* [citation], our Supreme Court recently held that this state does not recognize a cause of action for mental anguish in the absence of contemporaneous bodily contact or an independent cause of action based on or having an element of wilfulness, wantonness or malice.

*Id.* at 588 (citations omitted; emphasis added).

Similarly, in *Kahn v. Shiley, Inc.*, 217 Cal.Appl.3d 848 (1990), the plaintiff received an artificial heart valve. Two years later, her physician informed her that the type of heart valve she received was being recalled due to a propensity to fracture, rendering the artificial valve defective. The physician told her that he had heard reports of the valves "falling apart and malfunctioning without notice resulting in death to the patients." *Id.* at 851. Plaintiff experienced great fear and anxiety, and saw numerous mental and emotional health professionals for treatment. She stated in her complaint that she lived with the constant threat of imminent death. Regardless, the court held that, absent some malfunction which caused actual physical

3

harm to the plaintiff, she could not recover for her emotional distress alone from the fear that the valve may some day malfunction.

These cases clearly demonstrate that emotional distress damages are not available for a plaintiff whose only loss as a result of a defendant's purported breach of a warranty is economic. The cases cited also demonstrate the uniformity with which California law has applied these principles relating to recovery for emotional distress. Unless there is some personal injury, special relationship, or intentional tort, California does not provide a cause of action for the recovery of emotional distress arising solely from economic loss.

Each of the cases cited by Plaintiff falls short in its application to this case. *Capelouto v. Kaiser Foundation Hospitals*, 7 Cal.3d 889 (1972) dealt with proving whether an infant experienced pain and suffering when the hospital negligently treated her. *Capelouto* dealt with a physical injury, and is therefore not helpful in dealing with the instant case, where no physical injuries are alleged.

In *Branch v. Homefed Bank*, 6 Cal.App.4th 793 (1992), the court refused to allow pain and suffering damages even where the Defendants were liable for deceit. The dicta from *Branch* cited by Plaintiff refers only to the exceptions discussed above which are not applicable to this case – that emotional distress damages may be awarded when there is an intentional tort or special relationship, or in "bystander" type cases. Clearly, none of those situations is present here.

Finally, in *Friedman v. Merck & Co.*, 107 Cal.App.4th 454 (2003), there was both a direct physical injury and a special relationship. Plaintiff was wrongfully given a tuberculosis test by his medical care provider. Plaintiff did not consent to an animal-based test, and therefore suffered a physical injury when he was given a bovine-based tuberculosis test. Further, the medical care provider had a special relationship with the plaintiff because it knew of his special vegan sensitivities, and disregarded the same. None of these cases deals with emotional distress damages from a purely economic loss.

The rule in California is duty-based. There is no duty to prevent emotional distress damages when a plaintiff has suffered only economic loss. Here, the Plaintiffs' damages include

4

damage to their home and property, and loss of use expenses related to living in a hotel. They were not injured, they do not allege intentional tort or special relationship, and they did not witness a close family member's injury. Therefore, Defendant had no duty to prevent their emotional distress.

## III.
## THE DEFICIENCY IN THE COMPLAINT
## GOES BEYOND MERELY SEEKING AN IMPROPER REMEDY

Plaintiffs have attempted to characterize this motion as an attempt to dispose of their claims on the grounds that they have sought improper remedies. However, it is not the nature of the remedies sought, but the very duty that was owed to the Plaintiffs, that is at issue in this motion. Plaintiffs' complaint is full of allegations regarding their mental anguish, frustration, and other emotional distress. They seek over $1 million for each of their three causes of action. The gravamen of each of the Plaintiffs' causes of action is that they are entitled to these millions of dollars as compensation for their emotional distress. This is not merely seeking an improper remedy, but, as discussed above, a fundamental failure in the complaint where, given the facts pled, there can be no duty to the Plaintiffs to prevent this emotional distress.

As discussed in this party's moving papers, "A complaint may be dismissed [under F.R.C.P. 12(b)(6)] when the facts pled and the reasonable inferences therefrom are legally insufficient to support the relief sought." *Nelson v. Temple University*, 920 F.Supp. 633, 632 n.2 (E.D. Pa. 1996). This motion may also be granted where the Court finds that there is no duty owed to the Plaintiff. *See, U.S. ex rel. Mayman v. Martin Marietta Corp.*, 894 F.Supp. 218, 225 (D. Md. 1995). Therefore, this motion is appropriate.

## IV.
## CONCLUSION

No California case has allowed recovery for emotional distress arising solely out of property damage, absent a threshold showing of some preexisting relationship or intentional tort. Plaintiffs here are seeking millions of dollars for their emotional distress as a result of watching their home and possessions burn, and as a result of having to stay in a hotel for a number of

months. Their losses are purely economic, and they have not alleged any intentional tort or special relationship with the defendant. Therefore, this Court should dismiss the complaint, as there was no duty to prevent the Plaintiffs' emotional distress, or, in the alternative, strike the emotional distress allegations of the Complaint.

Dated: April 11, 2008

STUTZ ARTIANO SHINOFF & HOLTZ
A Professional Corporation

By: /s/ *James F. Holtz*
    James F. Holtz
Attorneys for Defendant GENERAL ELECTRIC COMPANY

**STUTZ ARTIANO SHINOFF & HOLTZ**, A.P.C.
James F. Holtz, State Bar No. 95064
2488 Historic Decatur Road, Suite 200
San Diego, CA 92106-6113
Telephone: (619) 232-3122
Facsimile:  (619) 232-3264

Attorneys for GENERAL ELECTRIC COMPANY

<u>Robert Dilworth, Christina Dilworth v. General Electric Co., et al.</u>

## DECLARATION OF SERVICE

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Diego in the office of a member of the bar of this court at whose direction the service was made. My business address is 2488 Historic Decatur Road, Suite 200, San Diego, CA 92106-6113.

On April 11, 2008, I served the following document(s):

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED UNDER F.R.C.P. 12(b)(6), OR IN THE ALTERNATIVE, TO STRIKE THE EMOTIONAL DISTRESS ALLEGATIONS UNDER F.R.C.P. 12(f)**

☒ **BY ELECTRONIC SERVICE** On the date executed below, I served the document(s) via CM/ECF described above on designated recipients through electronic transmission of said documents, a certified receipt is issued to filing party acknowledging receipt by CM/ECF's system. Once CM/ECF has served all designated recipients, proof of electronic service is returned to the filing party.

| | |
|---|---|
| Richard L. Boyer, Esq.<br>L/O of Richard L. Boyer, APC<br>4520 Vista de la Patria<br>Del Mar, CA 92101 | **Attorney for Plaintiffs**<br>P (858) 481-8757<br>F (858) 350-1006<br>boyerlaw@sbcglobal.net |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 11, 2008, at San Diego, California.

_____
Patricia S. Donnelly

7