1
2
3
4
5
6
7



8 UNITED STATES DISTRICT COURT

9 SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| ROBERT DILWORTH, an individual, and CHRISTINA DILWORTH, an individual,<br><br>Plaintiffs,<br>vs.<br>GENERAL ELECTRIC COMPANY, a New York Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 08cv431 WQH (JMA)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the "Motion to Dismiss for Failure to State a Claim on Which Relief can be Granted under F.R.C.P. 12(b)(6), or in the Alternative, to Strike the Emotional Distress Allegations under F.R.C.P. 12(f)" (Doc. # 3).

## Background

On January 28, 2008, Plaintiffs Robert Dilworth and Christina Dilworth (the "Dilworths") initiated this action by filing a complaint in the Superior Court of California, County of San Diego (Doc. # 1). The complaint alleges that on or about January 30, 1998, the Dilworths purchased and installed a built-in dishwasher that was manufactured, distributed and sold by Defendant General Electric Company ("General Electric"). *Complaint*, ¶ 6. The complaint alleges that on or about September 4, 2007, the dishwasher caught fire. *Id.*, ¶ 8. The complaint alleges that

> plaintiffs were asleep in their second floor bedroom and woke to the smell of smoke in their home. When they opened their bedroom door they discovered the entire ground floor kitchen was ablaze. The plaintiffs were barely able to escape the flames and exit their home before their only means of escape was cut off by the quickly spreading fire.

*Id.,* ¶ 9. The complaint alleges that the Dilworths incurred monetary damages "due to the cost to repair their home, replace the interior cabinetry and furnishings, and replace, repair or clean personal property, including all of their clothing." *Id.,* ¶ 11. The complaint also alleges that the Dilworths suffered emotional damages because the "frightening experience of waking in the middle of the night and finding their house on fire, barely escaping through the burning house to save their lives, watching their home and its contents burning, and being forced to live in a hotel room for most of three months caused the plaintiffs to suffer severe mental distress, anxiety, inconvenience, frustration and anger." *Id.*

The complaint asserts the following causes of action: (1) negligence, (2) strict products liability, and (3) breach of implied warranty of merchantability. In support of each cause of action, the complaint alleges:

> The plaintiffs have suffered personal injuries that include but are not limited to severe mental distress, anxiety, inconvenience, frustration, and anger. In addition, the plaintiffs have incurred monetary damages due to the cost to repair their home, replace interior cabinetry and furnishings, and replace, repair or clean personal property, including all of their clothing. The plaintiffs' damages have not been fully ascertained, but are expected to exceed $1,000,000.

*Complaint,* ¶¶ 23, 31, 38.

On May 7, 2008, General Electric removed the action to federal court on the basis of diversity of citizenship, pursuant to 28 U.S.C. section 1441(b). On March 10, 2008, General Electric filed the "Motion to Dismiss for Failure to State a Claim on Which Relief can be Granted under F.R.C.P. 12(b)(6), or in the Alternative, to Strike the Emotional Distress Allegations under F.R.C.P. 12(f)" ("Motion to Dismiss"). On April 2, 2008, the Dilworths filed an Opposition to the Motion to Dismiss (Doc. # 5). On April 11, 2008, General Electric filed a Reply in Support of the Motion to Dismiss (Doc. # 8).

## Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *See id.* (citing Fed R. Civ. P. 8(a)(2)). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).

## Analysis

General Electric contends that under California law, there is no duty to prevent emotional distress damages when the only injury is economic loss. General Electric contends that the Dilworths fail to allege any physical injury, intentional tort or special relationship that would support their claims for emotional damages. General Electric moves to dismiss the Dilworths' claims for emotional distress on grounds that "none of the facts alleged by Plaintiffs can form the basis for a recovery of their emotional distress damages because California law does not permit the recovery of emotional distress damages as a result of purely economic loss." *Mot. to Dismiss,* p. 6. Alternatively, General Electric moves to strike the emotional distress allegations in the complaint on grounds that they are "irrelevant and immaterial." *Id.* at 7-8.

The Dilworths contend that California law permits emotional damages in cases that do not involve a physical injury, intentional tort or special relationship. The Dilworths further contend that "it is entirely foreseeable that if a dishwasher sold as intended for residential use spontaneously catches fire, the homeowner/ consumer will likely suffer emotional distress." *Opposition,* p. 7. The Dilworths oppose the Motion to Dismiss on grounds that a "demand for

an improper remedy is not grounds for an F.R.C.P. 12(b)(6) motion" and that the "plaintiffs intend to prove that they are entitled to damages for mental anguish and inconvenience." *Id.* at 1.

"The general rule of damages in tort is that the injured party may recover for all detriment caused whether it could have been anticipated or not." *Crisci v. Security Ins. Co,* 66 Cal. 2d 425, 433 (1967); Cal. Civ. Code § 3333.

> It is settled in this state that mental suffering constitutes an aggravation of damages when it naturally ensues from the act complained of, and in this connection mental suffering includes nervousness, grief, anxiety, worry, shock, humiliation and indignity as well as physical pain. The commonest example of the award of damages for mental suffering in addition to other damages is probably where the plaintiff suffers personal injuries in addition to mental distress as a result of either negligent or intentional misconduct by the defendant. Such awards are not confined to cases where the mental suffering award was in addition to an award for personal injuries; damages for mental distress have also been awarded in cases where the tortious conduct was an interference with property rights without any personal injuries apart from the mental distress.

*Crisci,* 66 Cal. 2d at 433 (internal quotations omitted). A "plaintiff who as a result of a defendant's tortious conduct loses his property and suffers mental distress may recover not only for pecuniary loss but also for his mental distress." *Gruenberg v. Aetna Insurance Co.,* 9 Cal. 3d 566, 579 (1973) (internal quotations omitted); *see also Ben-Shimol v. Trans World Airlines, Inc.,* 1996 U.S. Dist. LEXIS 2113 (N.D. Cal. 1996) ("The current state of California law regarding damages for emotional distress in actions for negligence and strict liability does not support the defendants' position that plaintiff cannot recover for emotional distress damages unrelated to his physical injury.").

In *Kately v. Wilkinson,* 148 Cal. App. 3d 576, 585-586 (5th Dist. 1983), the California Court of Appeal addressed whether a plaintiff can "recover damages for emotional trauma under causes of action for negligent manufacture, products liability and breach of express or implied warranty," even if the "emotional trauma [is] unaccompanied by physical damages." *Id.* at 586. The court held that "damages for physical injuries resulting from emotional shock can be recovered in a suit premised upon products liability and related causes of action, such as breach of express or implied warranty," even absent separate physical damages. *Id.* In so

holding, the court emphasized that "there will doubtless be circumstances in which the alleged emotional injury is susceptible of objective ascertainment by expert medical testimony. To repeat: this is a matter of proof to be presented to the trier of fact." *Id.*

The complaint alleges that, as a result their dishwasher catching fire, the Dilworths endured the "frightening experience of waking in the middle of the night and finding their house on fire, barely escaping through the burning house to save their lives, watching their home and its contents burning, and being forced to live in a hotel room." *Complaint,* ¶ 11. The complaint also alleges that the fire caused damages to the Dilworths' home, requiring them to make repairs, including replacing the cabinetry, furnishings and their personal belongings. The complaint alleges that General Electric is liable to the Dilworths for damages caused by the fire under theories of negligence, strict products liability and breach of implied warranty. The complaint does not assert a separate cause of action for emotional distress, such as a cause of action for negligent infliction of emotional distress. The Dilworths seek emotional damages as a remedy under their causes of action for negligence, strict products liability and breach of implied warranty. In addition to seeking emotional distress damages under these causes of action, the Dilworths also seek monetary damages. General Electric does not assert that the complaint has failed to adequately allege the underlying elements for negligence, strict products liability or breach of implied warranty. The Court concludes that the Dilworths may be entitled to "recover not only for pecuniary loss but also for mental distress" because the complaint alleges that the Dilworths lost their "property and suffer[ed] emotional distress" as a result of General Electric's tortious conduct. *Gruenberg,* 9 Cal. 3d at 579. At this stage of the proceedings, the Court concludes that dismissing the Dilworths' requests for emotional damages, or in the alternative, striking the Dilworths' emotional distress allegations is improper.[1] The Motion to Dismiss is denied.

---

[1] The Courts notes the cases cited by General Electric, which bar recovery of emotional distress damages in actions that only assert economic injury. *See Erlich v. Menezes,* 21 Cal. 4th 542 (1999); *Gravillis v. Caldwell Banker,* 143 Cal. App. 4th 761 (2d Dist. 2006); *Lawson v. Management Activities, Inc.,* 69 Cal. App. 4th 652 (4th Dist. 1999); *Cooper v. Superior Court,* 153 Cal. App. 3d 1008 (2d Dist. 1984). However, these cases do not control the action presently before the Court because the Dilworths' action does not arise under the law of

## Conclusion

The "Motion to Dismiss for Failure to State a Claim on Which Relief can be Granted under F.R.C.P. 12(b)(6), or in the Alternative, to Strike the Emotional Distress Allegations under F.R.C.P. 12(f)" (Doc. # 3) is **DENIED**.

DATE: 7/15/08

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE

---

contract, does not assert claims for fraud or misrepresentation, and does not seek to recover emotional damages under a separate cause of action for intentional infliction of emotional distress or negligent infliction of emotional distress.