1  **STUTZ ARTIANO SHINOFF & HOLTZ**
   *A Professional Corporation*
2  James F. Holtz, Esq. (State Bar No. 95064)
   jholtz@stutzartiano.com
3  Scott J. Ingold, Esq. (State Bar No. 254126)
   singold@stutzartiano.com
4  2488 Historic Decatur Road, Suite 200
   San Diego, CA 92106-6113
5  Tel:  (619) 232-3122
   Fax: (619) 232-3264
6

7  Attorneys for GENERAL ELECTRIC COMPANY

8                 **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10 ROBERT DILWORTH, an individual, and    | Case No.   08-CV-0431-WQH-JMA
   CHRISTINA DILWORTH, an individual,     | Judge:     Hon. William Q. Hayes
11
12                      Plaintiffs,        | **ANSWER TO COMPLAINT
                                           | AND JURY DEMAND**
13 v.
14 GENERAL ELECTRIC COMPANY, a
   New York Corporation; and DOES 1
15 through 10, inclusive,
16                      Defendants.

17        COMES NOW, Defendant GENERAL ELECTRIC COMPANY in answer to the

18 complaint as follows:

19        1.      Defendant has insufficient information or belief as to allegations in Paragraph 1

20 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground

21 denies each and every allegation in said paragraph.

22        2.      Defendant has insufficient information or belief as to allegations in Paragraph 2

23 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground

24 denies each and every allegation in said paragraph.

25        3.      As to the allegations of Paragraph 3 of Plaintiff's Complaint, Defendant admits

26 that Defendant GENERAL ELECTRIC COMPANY is a New York Corporation licensed to do

27 business in the State of California.  Except as expressly admitted, Defendant denies all other

28 allegations in said paragraph.

---
1
---

STUTZ ARTIANO SHINOFF & HOLTZ
*A Professional Corporation*

4.    Defendant has insufficient information or belief as to allegations in Paragraph 4 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground denies each and every allegation in said paragraph.

5.    Defendant has insufficient information or belief as to allegations in Paragraph 5 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground denies each and every allegation in said paragraph.

6.    Defendant has insufficient information or belief as to allegations in Paragraph 6 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground denies each and every allegation in said paragraph.

7.    Defendant has insufficient information or belief as to allegations in Paragraph 7 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground denies each and every allegation in said paragraph.

8.    Defendant has insufficient information or belief as to allegations in Paragraph 8 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground denies each and every allegation in said paragraph.

9.    Defendant has insufficient information or belief as to allegations in Paragraph 9 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground denies each and every allegation in said paragraph.

10.    Defendant has insufficient information or belief as to allegations in Paragraph 10 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground denies each and every allegation in said paragraph.

11.    Defendant has insufficient information or belief as to allegations in Paragraph 11 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground denies each and every allegation in said paragraph.

12.    In responding to Paragraph 12 of Plaintiff's Complaint, Defendant denies each and every allegation in said paragraph.

13.    In response to the allegations in Paragraph 13 of Plaintiff's Complaint, Defendant incorporates each and every response to Paragraphs 1 through 12 as though fully set forth

2

verbatim herein.

14.    Defendant has insufficient information or belief as to allegations in Paragraph 14 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground denies each and every allegation in said paragraph.

15.    Defendant has insufficient information or belief as to allegations in Paragraph 15 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground denies each and every allegation in said paragraph.

16.    Defendant has insufficient information or belief as to allegations in Paragraph 16 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground denies each and every allegation in said paragraph.

17.    Defendant has insufficient information or belief as to allegations in Paragraph 17 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground denies each and every allegation in said paragraph.

18.    Defendant has insufficient information or belief as to allegations in Paragraph 18 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground denies each and every allegation in said paragraph.

19.    Defendant has insufficient information or belief as to allegations in Paragraph 19 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground denies each and every allegation in said paragraph.

20.    In responding to Paragraph 20, Defendant denies each and every allegation in said paragraph.

21.    In responding to Paragraph 21, Defendant denies each and every allegation in said paragraph.

22.    In responding to Paragraph 22, Defendant denies each and every allegation in said paragraph.

23.    In responding to Paragraph 23, Defendant denies each and every allegation in said paragraph.

24.    In response to the allegations in Paragraph 24 of Plaintiff's Complaint, Defendant

3

STUTZ ARTIANO SHINOFF & HOLTZ
*A Professional Corporation*

incorporates each and every response to Paragraphs 1 through 23 as though fully set forth verbatim herein.

25.    Defendant has insufficient information or belief as to allegations in Paragraph 25 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground denies each and every allegation in said paragraph.

26.    In responding to Paragraph 26, Defendant denies each and every allegation in said paragraph.

27.    Defendant has insufficient information or belief as to allegations in Paragraph 27 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground denies each and every allegation in said paragraph.

28.    Defendant has insufficient information or belief as to allegations in Paragraph 28 of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground denies each and every allegation in said paragraph.

29.    In responding to Paragraph 29, Defendant denies each and every allegation in said paragraph.

30.    In responding to Paragraph 30, Defendant denies each and every allegation in said paragraph.

31.    In responding to Paragraph 31, Defendant denies each and every allegation in said paragraph.

32.    In responding to Paragraph 32, Defendant denies each and every allegation in said paragraph.

33.    In response to the allegations in Paragraph 33 of Plaintiff's Complaint, Defendant incorporates each and every response to Paragraphs 1 through 32 as though fully set forth verbatim herein.

34.    As to the allegations of Paragraph 34 of Plaintiff's Complaint, Defendant admits that Defendant GENERAL ELECTRIC COMPANY, as part of its business, designs, manufactures, distributes and sells dishwashers. Except as expressly admitted, Defendant denies all other allegations in said paragraph.

STUTZ ARTIANO SHINOFF & HOLTZ
A Professional Corporation

@PFDesktop\::ODMA/WORLDOX/G:/DATA/1239/14/PL/S7046352.WPD

08CV0431

1    35.    In responding to Paragraph 35, Defendant denies each and every allegation in said

2    paragraph.

3    36.    In responding to Paragraph 36, Defendant denies each and every allegation in said

4    paragraph.

5    37.    In responding to Paragraph 37, Defendant denies each and every allegation in said

6    paragraph.

7    38.    In responding to Paragraph 38, Defendant denies each and every allegation in said

8    paragraph.

9    39.    Defendant has insufficient information or belief as to allegations in Paragraph 39

10    of Plaintiff's Complaint to either admit or deny the allegations, and based upon that ground

11    denies each and every allegation in said paragraph.

12    **AFFIRMATIVE DEFENSES**

13    **FIRST AFFIRMATIVE DEFENSE**

14    **(Failure to State a Claim)**

15    40.    The Complaint, and each claim therein, fails to state facts constituting a claim upon

16    which relief can be granted.

17    **SECOND AFFIRMATIVE DEFENSE**

18    **(Plaintiffs' Comparative Fault)**

19    41.    As a separate affirmative defense to the Complaint on file herein, defendant is

20    informed and believes and thereon alleges, that the damages, if any, sustained or suffered by

21    plaintiffs in the action on file herein, were proximately caused and contributed to by the

22    negligence of plaintiffs, in that plaintiffs failed to exercise ordinary, reasonable care and caution

23    concerning the matters alleged in said Complaint, which negligence bars recovery and/or reduces

24    plaintiffs' recovery in proportion to the percentage of plaintiffs' negligence, and fault of

25    plaintiffs.

26    ///

27    ///

28    ///

5

STUTZ ARTIANO SHINOFF & HOLTZ
A Professional Corporation

**THIRD AFFIRMATIVE DEFENSE**

**(No Legal Cause)**

42.    As a separate affirmative defense to the Complaint on file herein, defendant is informed and believes and thereon alleges that the acts, omissions, if any, of defendant herein was not the legal cause of the losses, damage or injuries alleged in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(Comparative Fault of Others)**

43.    As a separate affirmative defense to the Complaint on file herein, defendant is informed and believes and thereon alleges that if defendant is in any way held responsible for the damages claimed herein by plaintiffs, that the damages so sustained were proximately caused and contributed to by primary and active fault, or the culpable acts, omissions and fault of persons and entities other than defendant, which persons and entities include each and every party to this action, and defendant therefore alleges that any and all damages awarded herein should be apportioned between all such responsible parties pursuant to the doctrines of comparative negligence, total indemnity and partial indemnity.

**FIFTH AFFIRMATIVE DEFENSE**

**(Intervening and Superseding Cause)**

44.    As a separate and distinct affirmative defense, the damages plaintiffs claim to have sustained herein were proximately caused by third party conduct which was an intervening and superseding cause.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Joint and Several Liability for Non-Economic Losses)**

45.    As a separate affirmative defense to the Complaint on file herein, this answering defendant denies that defendant was responsible for plaintiffs' damages in the incident alleged in the Complaint on file herein. However, if liability is found, this answering defendant may be held liable only for the amount of non-economic damages allocated to this answering defendant in direct proportion to this answering defendant's percentage of fault, pursuant to California Civil Code section 1431.2.

6

STUTZ ARTIANO SHINOFF & HOLTZ
*A Professional Corporation*

1

## SEVENTH AFFIRMATIVE DEFENSE

2

### (Statute of Limitations)

3      46.    As a further, separate and affirmative defense to the Complaint, and each claim

4 therein, it is alleged that each claim alleged within the Complaint is barred by the applicable

5 statute of limitations.

6

## EIGHTH AFFIRMATIVE DEFENSE

7

### (Failure to Mitigate)

8      47.    As a separate affirmative defense to the Complaint on file herein, this answering

9 defendant is informed and believes and thereon allege that plaintiffs have failed, refused, and

10 neglected to reasonably mitigate plaintiffs' damages, which bars or diminishes any recovery

11 herein by plaintiffs.

12

## NINTH AFFIRMATIVE DEFENSE

13

### (Laches, Waiver Estoppel, and/or Unclean Hands)

14      48.    Defendants allege that Plaintiffs' claims and causes of action against Defendants

15 are barred by the doctrines of laches, waiver, estoppel, and/or unclean hands.

16

## TENTH AFFIRMATIVE DEFENSE

17

### (Excuse of Performance)

18      49.    As a separate affirmative defense to the Complaint on file herein, this answering

19 defendant is informed and believes, and based thereon alleges, that if any contracts, obligations

20 or agreements, as alleged in the Complaint, have been entered into, any duty or performance of

21 this answering defendant, are excused by reason of failure of consideration, waiver, breach of

22 condition precedent, breach of plaintiff, and impossibility of performance, prevention by

23 plaintiff, frustration of purpose or acceptance by plaintiff.

24

## ELEVENTH AFFIRMATIVE DEFENSE

25

### (No Non-Economic Damages)

26      50.    As a separate affirmative defense to the Complaint on file herein, this answering

27 defendant alleges that there are no non-economic damages arising from its scope of work such

28 that plaintiff cannot sustain any strict liability or negligence based causes of action or recover

STUTZ ARTIANO SHINOFF & HOLTZ
*A Professional Corporation*

7

@PFDesktop\::ODMA/WORLDOX/G:/DATA/1239/14/PL/S7046352.WPD

08CV0431

1  thereunder against this defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Not a Product)

51.    As a separate affirmative defense to the Complaint on file herein, this answering defendant alleges that it supplied no completed product or component parts, such that it cannot be held strictly liable for any defect in the ultimate product.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Sale to Plaintiff and No Warranty)

52.    As a separate affirmative defense to the Complaint on file herein, this answering defendant alleges that plaintiff has no claim against this defendant, with respect to the purchase of the product referred to in the Complaint because, *inter alia*, defendant made no sale to plaintiff and engaged in no conduct with plaintiff giving rise to any implied warranties on the part of this answering defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Perform Conditions Precedent)

53.    As a separate affirmative defense to the Complaint on file herein, this answering defendant is informed and believes and on such information and belief alleges that plaintiff failed to perform express contractual conditions precedent to defendant's performance, and such failure excuses any non-performance by this answering defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Standard of Care)

54.    As a separate affirmative defense to the Complaint on file herein, this answering defendant is informed and believes and on that basis alleges that at no time prior to the filing of this action did plaintiff's, or any agent, representative or employee thereof, notify this defendant of any breach of any contract, warranty or duty to plaintiff's. By reason of said failure to notify, plaintiff is barred from any right of recovery from this answering defendant. Furthermore, this answering defendant alleges that plaintiff is barred and precluded from any recovery in this action because this answering defendant at all times complied with the applicable standard of

STUTZ ARTIANO SHINOFF & HOLTZ
A Professional Corporation

STUTZ ARTIANO SHINOFF & HOLTZ
A Professional Corporation

1  care required of the role played by this answering defendant at the time and location where the

2  services referenced in the Complaint where rendered.

3  ### SIXTEENTH AFFIRMATIVE DEFENSE

4  ### (Failure to Notify)

5      55.    As a separate affirmative defense to the Complaint on file herein, this answering

6  defendant is informed and believes and based thereon alleges that if any defects or inadequacies

7  in the work performed by this answering defendant, which this defendant denies, plaintiff failed

8  to timely notify this defendant of such conditions and failed to give this defendant timely

9  opportunity to remedy such conditions.  This conduct by plaintiff  bars it from any relief from

10  this answering defendant herein.

11  ### SEVENTEENTH AFFIRMATIVE DEFENSE

12  ### (No Privity of Contract)

13      56.    As a separate affirmative defense to the Complaint on file herein, this answering

14  defendant is informed and believes and on that basis alleges that with respect to all causes of

15  action in the Complaint, based on express or implied warranty, there is no privity of contract or

16  contractual or other relationship, between plaintiff and this answering defendant, which provides

17  a basis for such warranty or duty in favor of plaintiff with respect to the property described in

18  the Complaint on file herein.

19  ### EIGHTEENTH AFFIRMATIVE DEFENSE

20  ### (Spoilation of Evidence)

21      57.    As a separate affirmative defense to the  Complaint on file herein, this answering

22  defendant is informed and believes and thereon alleges that plaintiff or its agents failed to

23  preserve evidence, including but not limited to any items which are the subject of plaintiff's

24  Complaint, and by way of spoilation of evidence, plaintiff and its agents have prevented and

25  precluded this defendant from properly investigating and preparing an adequate defense to the

26  matters herein alleged, all to this defendant's irreparable damage, thereby and thereupon

27  providing a legal basis for relief, including, but not limited to, an order barring introduction of

28  evidence concerning any alleged defect in the items which are the subject of plaintiff's

9

1  Complaint which may have existed prior to the alleged defective conditions.

2                   **NINETEENTH AFFIRMATIVE DEFENSE**

3                              **(Lack of Standing)**

4        58.    As a separate affirmative defense to the Complaint on file herein, this answering

5  defendant is informed and believes and on that basis alleges that plaintiff lacks standing to sue

6  defendant with respect to the property described in the Complaint.

7                    **TWENTIETH AFFIRMATIVE DEFENSE**

8                           **(Real Party in Interest)**

9        59.    As a separate affirmative defense to the Complaint on file herein, this answering

10  defendant is informed and believes and on that basis alleges that Plaintiffs lack standing to bring

11  the instant claim(s) in that they are not the real-parties-in-interest.

12                  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

13        **(Failure to Join Necessary and Indispensable Party)**

14        60.    As a separate affirmative defense to the Complaint on file herein, this answering

15  defendant is informed and believes and on that basis alleges that Plaintiff has failed to join a

16  necessary and/or indispensable party.

17                 **TWENTY-SECOND AFFIRMATIVE DEFENSE**

18                          **(Reservation of Defenses)**

19        61.    As a separate, further and distinct affirmative defense to each alleged claim in the

20  Complaint, this answering defendant herewith preserves such other affirmative defenses that

21  may become available to it by this Answer and does not waive subsequent defenses.

22        **WHEREFORE**, Defendant prays that Plaintiff take nothing by way of the Complaint

23  on file herein; for costs of suit herein incurred; and for such other and further relief as the court

24  may deem just and proper.

25  Dated: July 22, 2008                STUTZ ARTIANO SHINOFF & HOLTZ
                                        A Professional Corporation
26
                                        /s/ James F. Holtz
27                                      By:_____
                                              James F. Holtz
28                                      Attorneys for Defendant GENERAL ELECTRIC
                                        COMPANY

                                        10

@PFDesktop\::ODMA/WORLDOX/G:/DATA/1239/14/PL/S7046352.WPD                                        08CV0431

*(left margin)* STUTZ ARTIANO SHINOFF & HOLTZ
*A Professional Corporation*

## JURY DEMAND

Defendant GENERAL ELECTRIC COMPANY herein hereby demands a trial by jury.

Dated: July 22, 2008                        STUTZ ARTIANO SHINOFF & HOLTZ
                                            A Professional Corporation

                                                /s/ James F. Holtz
                                            By:_____
                                                  James F. Holtz
                                            Attorneys for Defendant GENERAL ELECTRIC
                                            COMPANY

STUTZ ARTIANO SHINOFF & HOLTZ
A Professional Corporation

@PFDesktop\::ODMA/WORLDOX/G:/DATA/1239/14/PL/S7046352.WPD                          08CV0431

**STUTZ ARTIANO SHINOFF & HOLTZ**, A.P.C.
James F. Holtz, State Bar No. 95064
2488 Historic Decatur Road, Suite 200
San Diego, CA92106-6113
Telephone: (619) 232-3122
Facsimile: (619) 232-3264

Attorneys for GENERAL ELECTRIC COMPANY

<u>**Robert Dilworth, Christina Dilworth v. General Electric Co., et al.**</u>

<u>**DECLARATION OF SERVICE**</u>

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Diego in the office of a member of the bar of this court at whose direction the service was made. My business address is 2488 Historic Decatur Road, Suite 200, San Diego, CA92106-6113.

On July 22, 2008, I served the following document(s):

**ANSWER TO COMPLAINT**

☒    **BY ELECTRONIC SERVICE** On the date executed below, I served the document(s) via CM/ECF described above on designated recipients through electronic transmission of said documents, a certified receipt is issued to filing party acknowledging receipt by CM/ECF's system. Once CM/ECF has served all designated recipients, proof of electronic service is returned to the filing party.

| | |
|---|---|
| Richard L. Boyer, Esq. | **Attorney for Plaintiffs** |
| L/O of Richard L. Boyer, APC | P (858) 481-8757 |
| 4520 Vista de la Patria | F (858) 350-1006 |
| Del Mar, CA 92101 | boyerlaw@sbcglobal.net |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 22, 2008, at San Diego, California.

Patricia S. Donnelly

@PFDesktop\::ODMA/WORLDOX/G:/DATA/1239/14/PL/S7046352.WPD

08CV0431

STUTZ ARTIANO SHINOFF & HOLTZ
*A Professional Corporation*